IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY WAYNE STRICKLAND, 1706833, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-CV-4150-D |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

**II. Background**

On March 24, 2011, Petitioner pled guilty to sexual assault of a child under fourteen years of age, and was sentenced to twenty years in prison. *State of Texas v. Billy Wayne Strickland*, No. F10-51028-V (292nd Jud. Dist. Ct., Dallas County, Tex., Mar. 24, 2011). Petitioner did not appeal his conviction.

On September 22, 2011, Petitioner filed a state habeas petition. *Ex parte Strickland*, No. 77,123-01. On February 22, 2012, the Court of Criminal Appeals dismissed the petition as

noncompliant with Texas Rule of Appellate Procedure 73.1.

On May 4, 2012, Petitioner filed a motion in the trial court for DNA testing. The trial court ordered that the testing be done. On May 17, 2013, the trial court entered findings on the DNA testing. The court determined that had the test results been available at trial, there was no reasonable probability that Petitioner would not have been convicted. (ECF No. 24 at 101-02.)

On July 8, 2013, Petitioner filed a second state habeas petition. *Ex parte Strickland*, No. 77,123-02. On December 18, 2013, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On November 13, 2014, Petitioner filed the instant petition. He argues:

1. He received ineffective assistance of counsel when counsel failed to follow up on discovery or show him the statements that were filed against him; and

2. He received ineffective assistance of counsel when counsel failed to inform him of his right to appeal, or file an appeal.

On September 9, 2015, without seeking leave of court, Petitioner filed an amended complaint. His amended complaint alleges:

1. His guilty plea was involuntary because counsel failed to inform the court that Petitioner was mentally retarded and mentally ill; and

2. His guilty plea was involuntary because his counsel told him that if proceeded to trial he would be found guilty and would receive a life sentence even though the evidence against him was "shaky" and inadmissible.

On February 27, 2015, Respondent filed his answer. Petitioner did not file a response. The Court now finds the petition should be dismissed as time-barred.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**   Page -2-

## II. Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C.§2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner was convicted on March 24, 2011. He did not appeal his conviction. His conviction therefore became final thirty days later on April 25, 2011. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). He then had one year, or until April 25, 2012, to file his § 2254 petition.

The filing of a proper state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner's first state habeas petition, however, was not properly filed. The petition failed to comply with Texas Rule of Appellate Procedure 73.1, and was therefore dismissed by the Court of Criminal Appeals. Since the petition was not properly filed, it did not toll the limitations period. *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004).

On July 8, 2013, Petitioner filed his second state habeas petition. This petition did not toll the limitations period because it was filed after the limitations period expired.

Petitioner was required to file his federal habeas petition by April 25, 2012. He did not file his petition until November 13, 2014. His petition is therefore untimely.

**B.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 26th day of January, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within fourteen (14) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).